UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVINO R. TORREZ,<br><br>                Petitioner,<br><br>    vs.<br><br>TIMOTHY E. BUSBY, Warden,<br><br>                Respondent. | CASE NO. CV 12-2195 PSG (RZ)<br><br>ORDER TO SHOW CAUSE<br>RE TIMELINESS |

        The Court issues this Order To Show Cause directed to Plaintiff because the action may be time-barred.

        In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. __, 130 S. Ct. 2549, 2560, 2562-63, 177 L. Ed. 2d 130 (2010).

The current petition was filed on March 15, 2012, but for purposes of this Report the Court assumes a constructive filing date of February 7, its signature date. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) In 2008, a Los Angeles County Superior Court jury convicted Petitioner of several counts of committing lewd acts on a child under 14. Pet. ¶ 2.

(b) The California Court of Appeal affirmed in November 2009. The California Supreme Court denied further direct review on February 3, 2010. Pet. ¶¶ 3, 4.

(c) Petitioner apparently did not seek *certiorari* in the United States Supreme Court. His conviction therefore became final after May 5, 2010, when the high court's 90-day period for seeking such relief expired. *See* SUP. CT. R. 13.1. His one-year AEDPA limitations period began to run on that date.

(d) Six months passed without any apparent court challenges by Petitioner. On November 1, 2010, Petitioner filed a since-dismissed habeas petition in this Court, case number CV 10-8224 PSG (RZ). Respondent soon moved to dismiss the action as "mixed," in that nearly all of Petitioner's claims had not been exhausted in the California Supreme Court prior to his filing in this Court. Petitioner filed no opposition.

(e) On May 5, 2010, in response to the undersigned's April 12, 2010 Report recommending the exhaustion-based dismissal of the action, Petitioner filed a "Motion To Dismiss" his own "Petition Without Prejudice . . . Or [for a] Stay and Abeyance." Noting that *Petitioner included no argument in favor of his suggestion of a stay* – rather, he simply said he wanted one – the Court directed the Clerk to treat his motion as a Notice Of Voluntary Dismissal pursuant to FED. R. CIV. P. 41(a)

on May 13, 2011.  The Court warned that it "makes no assurance to Petitioner that, should he return to this Court, his new petition will not face challenges asserting untimeliness or other shortcomings."

(f)   On May 25, 2011, Petitioner filed a habeas petition in the California Supreme Court.  That court denied relief on January 25, 2012.

(g)   The petition, bearing a signature date of February 7, 2012, was filed on March 15.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred.  It became stale early in May of 2011, a year after Petitioner's conviction became final.  Petitioner's prior, abortive *federal*-court petition did not toll the applicable one-year limitations period, unlike a properly-filed *state*-court habeas challenge.  28 U.S.C. § 2244(d)(2); *Duncan v. Walker,* 533 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).

No basis appears in the petition for a later AEDPA-limitations-period starting date.  Nor does the record disclose any basis for equitable tolling.

Petitioner believes that his current petition should be allowed to "relate back" to his 2010 petition.  He presaged this possibility in his voluntary dismissal motion in 2011, *see* Mem. at 3, and he attaches a five-line Motion To Relate Back to the new petition.  But like the "stay and abey" aspect of his May 5, 2010 motion in the prior action, he presents no argument demonstrating that his current petition properly relates back to his prior one.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter.  *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001).  Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations.  Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: March 22, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE